## The People on the relation of William H. Stebbins v. The Judge of the Barry Circuit Court.

*Equity pleading and practice: Hearing: Mandamus.* A circuit court cannot decline to hear a cause in chancery, where either party has regularly claimed a hearing in open court, unless an order has been made upon good cause shown, directing it to be proceeded in otherwise. Such a case may be placed on the docket, and a *mandamus* lies to compel the court to proceed in it as right and justice may require.

*Heard April 22.    Decided April 24.*

Application for *mandamus.*

*George C. Worth* and *C. I. Walker,* for the relator.

*I. A. Holbrook* and *W. E. Cheever,* for the respondent.

CAMPBELL, J.

The *mandamus* in this case is asked for on the ground that the circuit judge declined to hear a cause that had been noticed for hearing in open court, and it is opposed on the ground that he has a discretion to make such refusal.

We think the statute does authorize the circuit court to make provision for hearing cases otherwise than on testimony in open court. But this can only be by a special order, upon good cause shown. In the present case no such proceeding appears to have been had, and until it has been done, the statutory right remains unimpaired, and a refusal to hear the cause would not be justified.

The relator has a right to notice his cause for hearing, and to have it placed upon the docket. A *mandamus* should be allowed directing the circuit court to proceed in the cause, when so noticed, as right and justice may require.

GRAVES AND COOLEY, JJ., concurred.

CHRISTIANCY, CH. J.: I concur in the result.